IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02610-PAB-MJW

TIMOTHY ALAN DOMENICO,

Plaintiff,

v.

LYNETTE PHILLIPS,
ERIC BIGA, and
VEOLIA TRANSPORTATION SERVICES, INC.,

Defendants.

---

RECOMMENDATIONS ON
(1) MOTION TO DISMISS BY DEFENDANT ERIC BIGA (Docket No. 33),
(2) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Docket No. 37),
and
(3) PLAINTIFF'S REQUEST FOR HEARING (Docket No. 38)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before this court pursuant to an Order of Reference to United States Magistrate Judge issued on October 17, 2010, by District Judge Philip A. Brimmer.  (Docket No. 2).

On October 26, 2010, the pro se plaintiff filed a pleading entitled "Complaint Seeking Damages and Penalty for Harassment, Abuse of Power, Intentional Infliction of Emotional Distress causing Great and Permanent Bodily Injury due to Gross Negligence and Libel and Wrongful Termination."  (Docket No 1).  In that pleading, under the section entitled "VENUE AND JURISDICTION," plaintiff avers that "[t]his Court has original jurisdiction over the above-described action on the

2

basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 inasmuch as the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states." (Docket No. 1 at 6, ¶ 37). Under the "PARTIES" section of the Complaint, plaintiff avers as follows: "Plaintiff is a Colorado citizen. Defendant-Phillips and Defendant-Biga are Colorado Citizens. Defendant-Veolia is a Delaware Corporation, with its principle place of business in Illinois." (Docket No. 1 at 5, ¶ 33).

Now before the court for a report and recommendation is a Motion to Dismiss by Defendant Eric Biga (Docket No. 33). Plaintiff did not file a response to the motion. The court has considered the motion, applicable case law and Federal Rules of Civil Procedure, and the court's file. The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Defendant Biga seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendant asserts that the Complaint, which is advanced solely under the auspices of 28 U.S.C. § 1332, alleging diversity jurisdiction, should be dismissed because complete diversity is lacking in this case inasmuch as both the plaintiff and defendant Biga are domiciled in the State of Colorado. This court agrees with the defendant.

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule

3

12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp. 2d 1091, 1094-95 (D. Colo. 2001). Since the plaintiff is not an attorney, his pleading has been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

"As the party invoking the court's jurisdiction, [plaintiff] has the burden of proof" to allege sufficient facts to show that such jurisdiction exists. Garman v. Campbell County School Dist. No. 1, 630 F.3d 977, 983 (10th Cir. 2010). "To allege federal subject-matter jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332, [plaintiff] must allege facts that demonstrate that [he] and the Defendants are citizens of different states." Iselo Holdings, LLC v. Coonan, 2010 WL 3630125, at *1 (D. Colo. Sept. 10, 2010). There must be "complete" diversity, "i.e., '[a] case falls within the federal district court's "original" diversity "jurisdiction" . . . only if there is no plaintiff and no defendant who are citizens of the same State.'"

4

Gadlin v. Sybron Intern. Corp., 222 F.3d 797, 799 (10th Cir. 2000) (quoting Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998)).  Here, plaintiff's own pleading avers that he and two of the three defendants are citizens of Colorado.  Therefore, complete diversity is lacking, and this court lacks subject matter jurisdiction over plaintiff's diversity action.

In addition to seeking dismissal of the Complaint, defendant Biga seeks attorney fees and costs.  Under § 13-17-201, C.R.S., where any tort action is dismissed on motion of the defendant before trial under Rule 12(b) of the Colorado Rules of Civil Procedure, "such defendant shall have judgment for his reasonable attorney fees in defending the action."  "The statute has been held equally applicable to a dismissal under Fed. R. Civ. P. 12(b) of a tort claim brought pursuant to Colorado law."  Brammer-Hoelter v. Twin Peaks Charter Academy, 81 F. Supp.2d 1090, 1102 (D. Colo. 2000).  While "[b]y implication, § 13-17-201 [C.R.S.] allows a plaintiff to escape liability for attorney fees by filing a confession to a motion to dismiss under Rule 12(b) in such a manner that defendant is not required to expend additional efforts beyond the filing of its motion," id., plaintiff here did not file a confession of the motion to dismiss.  Plaintiff did not file a response to the motion, but he subsequently moved for summary judgment.  It is thus recommended that pursuant to § 13-17-201, C.R.S., defendant Biga be awarded his reasonable attorney fees and costs associated with defending this action.  See id. (awarding reasonable attorney fees and costs following dismissal under Fed. R. Civ. P. 12(b)(1)).

**WHEREFORE,** for the foregoing reasons, it is hereby

5

**RECOMMENDED** that the Motion to Dismiss by Defendant Eric Biga **(Docket No. 33)** be **granted**, and that the Complaint be dismissed for lack of subject matter jurisdiction and defendant Biga be awarded his reasonable attorney fees and costs associated with defending this action.  It is thus further

**RECOMMENDED** that the pro se plaintiff's Motion for Summary Judgment **(Docket No. 37)** and Request for Hearing **(Docket No. 38)** be **denied**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  March 9, 2011                              s/ Michael J. Watanabe
         Denver, Colorado                         MICHAEL J. WATANABE
                                                  United States Magistrate Judge