IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02610-PAB-MJW

TIMOTHY ALAN DOMENICO, an individual,

      Plaintiff,

v.

ERIC BIGA, an individual, and
VEOLIA TRANSPORTATION SERVICES, INC., a Delaware corporation,

      Defendants.

**ORDER**

      This matter comes before the Court on the Recommendation [Docket No. 40] filed by United States Magistrate Judge Michael J. Watanabe on March 9, 2011. Magistrate Judge Watanabe recommends that the Court grant defendant Eric Biga's motion to dismiss [Docket No. 33] and deny plaintiff's motion for summary judgment [Docket No. 37] and request for a hearing [Docket No. 38]. As plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

      As the Recommendation and defendant Biga correctly point out, this Court lacks subject matter jurisdiction over this case. Plaintiff has not objected to this aspect of the Recommendation. *See* Docket No. 46. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also*

*Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed these portions of the Recommendation to ensure that there is "no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff invokes 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Plaintiff, however, has alleged that he and defendant Biga are citizens of Colorado. *See* Docket No. 1 at 5, ¶ 33.  "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Therefore, the Court concludes that there is no clear error and adopts the Recommendation's findings regarding the lack of subject matter jurisdiction over this case.[2]

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review. Fed. R. Civ. P. 72(b).

[2] Plaintiff also invokes the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31100, *et seq*.  *See* Docket No. 1 at 5, ¶ 30.  That statute provides a remedial scheme to protect employees against retaliation for taking steps to report violations of motor vehicles safety rules and regulations.  *See* 49 U.S.C. § 31105(a).  However, this

Magistrate Judge Watanabe further recommends that the Court grant defendant Biga his fees and costs. Plaintiff objects to this aspect of the Recommendation. Therefore, the Court reviews this objected-to portion of the recommendation *de novo*. Fed. R. Civ. P. 72(b). Plaintiff argues that he was misled by opposing counsel into filing the present action in this Court. The Court, however, need not reach that argument at this time because defendant Biga has yet to comply with Federal Rule of Civil Procedure 54(d)(2) or D.C.COLO.LCivR 54.3. Consequently, the Court will deny defendant Biga's request for attorney's fees without prejudice. If defendant Biga chooses to renew his request for attorney's fees, the Court can address the relevance, if any, of the communications between the parties regarding the appropriate forum for filing this matter.

Therefore, it is

**ORDERED** that the Recommendation [Docket No. 40] is ACCEPTED in part. It is further

**ORDERED** that defendant Biga's motion to dismiss [Docket No. 33] is GRANTED in part and DENIED in part. Defendant Biga's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) based on a lack of subject matter jurisdiction is granted. Defendant Biga's request for attorney's fees is denied without prejudice. It is further

---

Court does not have jurisdiction over that claim. The STAA requires that a complainant initiate proceedings with the Secretary of Labor. *See* 49 U.S.C. § 31105(b). A petition for review of those proceedings must be filed "in the court of appeals of the United States for the circuit in which the violation occurred or the person resided on the date of the violation." 49 U.S.C. § 31105(d).

**ORDERED** that plaintiff's motion for summary judgment [Docket No. 37] and request for a hearing [Docket No. 38] are DENIED. It is further

**ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction and that judgment shall enter accordingly.

DATED April 21, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge